UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMES BAPTISTE,

        Plaintiff,

   – against –

61ST STREET CORPORATION
MONICA ELAM
ART MCGRATH
TASHA VALENTINO,

        Defendants.
------------------------------------------------------------x

Case No.: 07 CV 6653

ANSWER

      Defendants, 61st Street Corporation, Monica Elam, and Art McGrath (collectively "Defendants"), by and through their attorneys Putney, Twombly, Hall & Hirson, LLP, as and for their Answer to Plaintiff's *Pro Se* Complaint ("Complaint"), state as follows:

      With respect to the first page of the Pro Se Complaint and Plaintiff's election of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), as the basis of the claim of discrimination, the Defendants deny any violation of Title VII.

      With respect to the jurisdictional paragraph contained on the second page of Plaintiff's Pro Se Complaint, the Defendants deny the allegations contained in that paragraph, except admit that Plaintiff purports to proceed as stated therein.

      1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint

      2.     Deny the allegations contained in Paragraph 2 of the Complaint, except admit that the Defendant 61st Street Corporation employs certain individuals at 1790 Broadway Avenue, New York, New York, 10019, (646)756-8282.

3. Admit the allegations contained in Paragraph 3 of the Complaint.

4. Deny the allegations contained in Paragraph 4 of the Complaint.

5. Deny the allegations contained in Paragraph 5 of the Complaint.

6. Deny the allegations contained in Paragraph 6 of the Complaint.

7. Deny the allegations contained in Paragraph 7 of the Complaint

8. Deny each and every allegation contained in Paragraph 8 of the Complaint.

9. With respect to Paragraph 9 of the Complaint, no response is necessary.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. With respect to Paragraph 11 of the Complaint, no response is required.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

### AS AND FOR A FIRST DEFENSE

13. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

14. The Complaint is barred, in whole or in part to the extent that it was not filed within the period of time mandated by the applicable statutes of limitations.

### AS AND FOR A THIRD DEFENSE

15. Any and all actions taken by Defendants were based on legitimate, nondiscriminatory reasons unrelated to Plaintiff's race and unrelated to any invocation by Plaintiff of rights arising under federal, state or local law.

### AS AND FOR A FOURTH DEFENSE

16.    Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff has failed to file a timely claim thereon with relevant administrative agencies and exhaust all necessary administrative remedies or procedures regarding such claims.

### AS AND FOR A FIFTH DEFENSE

17.    Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff has failed to meet administrative prerequisites or conditions precedent regarding the commencement of this action.

### AS AND FOR A SIXTH DEFENSE

18.    The Complaint is barred, in whole or in part, to the extent it relies upon, or refers to, claims not asserted in the Charge of Discrimination.

### AS AND FOR A SEVENTH DEFENSE

19.    Upon information and belief, Plaintiff failed to mitigate damages, if any exist, as required by law.

### AS AND FOR AN EIGHTH DEFENSE

20.    Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of waiver and estoppel.

### AS AND FOR A NINTH DEFENSE

21.    The Complaint is vague and ambiguous and requires a more definite statement of Plaintiff's purported claims and allegations.

### AS AND FOR A TENTH DEFENSE

22.    At all times relevant herein, Plaintiff was an employee at will.

Dated: New York, New York
      October 1, 2007

                                                                /s/MTM
                                          Michael T. McGrath
                                          **PUTNEY, TWOMBLY, HALL & HIRSON LLP**
                                          521 Fifth Avenue
                                          New York, New York 10175
                                          (212)682-0020

                                          *Attorney for Defendants 61st Street Corporation,*
                                          *Monica Elam, and Art McGrath*